432 A.2d 1115

**COMMONWEALTH of Pennsylvania,**

**v.**

**James Robert KIKER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1981.

Filed July 24, 1981.

Leo C. Harper, Jr., Erie, for appellant.

D. Sherwood Jones, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

PER CURIAM:

On March 6, 1980, appellant, James Kiker, a minor, was adjudged by the Erie County Court of Common Pleas to be delinquent. Pursuant to the adjudication, appellant was ordered "transported to Philadelphia County [where appellant resided] for further disposition." This appeal followed.

Except in certain cases not here applicable, an appeal to this court may be taken only from a final order of a lower court. Pa.R.A.P. 301, 341. An adjudication of delinquency without final disposition is not a final order for purposes of appeal. *See* 42 Pa.C.S.A. 6321(c)(1)[1]; *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978) cert. den. 440 U.S. 974, 99 S.Ct. 1543, 59 L.Ed.2d 793 (1979) (appeal taken after 15 year old defendant's petition to transfer to the juvenile court was denied, and defendant had been tried and sentenced in a court of common pleas). *Cf. Commonwealth v. Myers*, 457 Pa. 317, 322 A.2d 131 (1974) ("[A] defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory."). In the instant case, no final disposition has been made. This appeal, therefore, is interlocutory and must be quashed.

Appeal quashed.

1. 42 Pa.C.S.A. 6321(c)(1) reads, in pertinent part:
   (c) Transfer to another court within this Commonwealth.—
   (1) If the child resides in a county of this Commonwealth and the proceeding is commenced in a court of another county, the court, ... *after the adjudicatory hearing or at any time prior to final disposition,* may transfer the proceeding to the county of the residence of the child for further action. (emphasis added).