912 A.2d 887 (2006)
COMMONWEALTH of Pennsylvania, Appellee
v.
S.F., a Minor, Appellant.
Superior Court of Pennsylvania.
Submitted October 10, 2006.
Filed December 1, 2006.
*888 Chad M. Salsman, Towanda, for appellant.
George P. Skumanick, Asst. Dist. Atty., Tunkhannock, for the Com., appellee.
BEFORE: JOYCE, LALLY-GREEN and TAMILIA, JJ.
OPINION BY TAMILIA, J.:
¶ 1 This is an appeal from an Order entered May 5, 2006, by the Wyoming County Juvenile Court, finding the appellant, S.F., had engaged in conduct constituting what would be the crime of criminal attempt[1] to commit involuntary deviate sexual intercourse (IDSI), and ordering that the case be transferred to the juvenile court division of his home county of Bradford, Pennsylvania.[2] S.F. was later adjudicated delinquent in Bradford County and an Order of disposition was entered May 17, 2006. That case is currently before this Court under separate appeal (957 MDA 2006).
¶ 2 Appellant argues the Wyoming County's conclusion he engaged in conduct that would be considered attempted IDSI was against the weight and sufficiency of the evidence, and trial counsel was ineffective for failing to challenge the competency of the youthful complainant, and for committing various errors during cross-examination. Appellant also argues the Wyoming County Court employed a faulty adjudication procedure.
¶ 3 The appellant was adjudicated delinquent by the Bradford County Juvenile Court, to which this case was transferred by the May 5, 2006, Order at issue, and an Order of Disposition was entered on May 17, 2006. Our review of the transcript of the May 3, 2006, hearing in Wyoming County does not reveal any finding of delinquency, and we can only surmise that the court conducted the evidentiary hearing for the purpose of determining whether the matter warranted further proceedings or, perhaps, if the matter should be heard by the Court of Common Pleas. Further, the trial court stated the following in its Opinion filed June 5, 2006:
As the subject was a resident of Bradford County, this Court (following the practices suggested by the Juvenile Court Judges Commission) certified the matter to the Juvenile Court Section in Bradford County to determine whether an adjudication of delinquency should be made, and if so, what disposition to be entered.

Record, No. 9, Trial Court Opinion, Vanston, P.J., 6/5/06, at 1 (emphasis added). Such statement by the Wyoming County trial court indicates it had not adjudicated S.F. delinquent. Regardless, the Order transferring the matter to the juvenile division of the Bradford County Courts was not a final Order of disposition and therefore is interlocutory.[3]
¶ 4 In juvenile proceedings, the final Order from which a direct appeal may be *889 taken is the Order of Disposition, entered after the juvenile is adjudicated delinquent.
The Juvenile Court is a court of record and pursuant to Pa. R.A.P. 341[, Final Orders; Generally,] appeal may be taken as of right from any final order of an administrative agency or lower . . . court. The final Order of a Juvenile Court is the Dispositional Order as to the Delinquent Child, pursuant to 42 Pa.C.S.A. § 6352[, Disposition of delinquent child].
In re M.D., 839 A.2d 1116, 1118 (Pa.Super.2003), quoting Commonwealth v. Clay, 376 Pa.Super. 425, 546 A.2d 101, 103 (1988), which was overruled on other grounds by In re Smith, 393 Pa.Super. 39, 573 A.2d 1077 (1990). We, therefore, quash this appeal as being from an interlocutory Order, without prejudice to appellant to raise these issues in his appeal from the May 17, 2006, final Order of disposition currently filed in this Court.
¶ 5 Appeal quashed.
¶ 6 Jurisdiction relinquished.
NOTES
[1] 18 Pa.C.S.A. §§ 901, 3123.
[2] S.F. a resident of St. Michael's School for Boys, a residential treatment facility for delinquent and dependent children in Wyoming County, allegedly attempted to sexually assault another resident, a male under the age of 13.
[3] Even if we were to conclude the Wyoming Court had adjudicated appellant delinquent, such Order would not be final and appealable as the court could still transfer the juvenile to his home county for further proceedings, e.g., entry of a dispositional Order. Commonwealth v. Kiker, 289 Pa.Super. 188, 432 A.2d 1115 (1981); see also Pa.R.J.P. 302, Inter-County Transfer.