J-S13027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF J.T.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: J.T.D. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1177 WDA 2017 |

Appeal from the Dispositional Order Entered June 15, 2017
In the Court of Common Pleas of McKean County Juvenile Division at
No(s):  CP-42-JV-0000025-2017

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 13, 2018**

Appellant, J.T.D., a minor, appeals from the dispositional order[1] entered on June 15, 2017, following his adjudication of delinquency.  We vacate the dispositional order and adjudication of delinquency and remand for further proceedings.

The Juvenile Court summarized the factual and procedural history of this case as follows:

FACTUAL BACKGROUND

[Appellant] had been under supervision for a previous offense.  While under supervision by the Juvenile Probation Office, [Appellant] was charged with Simple Assault 18 Pa.C.S.A. §2701(a)(1).  Specifically, the [c]ourt found that [Appellant]

_____

[1]  "In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent." ***Commonwealth v. S.F.***, 912 A.2d 887, 888-889 (Pa. Super. 2006) (unnecessary capitalization omitted).

shoved another student, pushing him to the ground, and punched him several times in the face. This offense [would be graded as] a misdemeanor of the second degree. These facts have not been appealed by [Appellant].

PROCEDURAL BACKGROUND

A written allegation was filed against [Appellant] on March 20, 2017. On March 28, 2017, a Petition Alleging Delinquency was filed. The adjudicatory hearing took place on May 24, 2017. An Adjudicatory Hearing Order was filed May 25, 2017 and found that [Appellant] had committed the acts alleged, translating into a simple assault, a misdemeanor of the second degree.

An Adjudicatory/Dispositional Hearing was held on June 13, 2017. This hearing was held simultaneously with [Appellant's] Dispositional Review Hearing at Docket No. 106 JV 2015.

An Adjudicatory/Dispositional Order was entered on June 15, 2017. The [c]ourt found that [Appellant] had committed the acts alleged and was in need of treatment, supervision, and rehabilitation. As part of that Order, the [c]ourt directed that [Appellant] be under the supervision of the Juvenile Probation Office for three to six months. [Appellant] was further ordered to pay $25.00 for the State Victim Fee; $10.00 for Supervision Fee; and $45.00 in restitution to the victim. The [c]ourt also directed that [Appellant] complete twenty (20) hours of community service, attend the Victim Awareness Program, and write a letter of apology to the victim. No placement was ordered.

On July 20, 2017, [Appellant] filed a Motion *Nunc Pro Tunc* requesting that [Appellant] be allowed to appeal. This motion was uncontested by the Commonwealth and was granted. [Appellant] filed his appeal and a petition to appeal *in forma pauperis* on August 9, 2017.[2] [Appellant] filed his concise statement on August 31, 2017.

---

[2] The juvenile court granted Appellant's motion for reinstatement of appellate rights *nunc pro tunc* by order entered August 10, 2017. The order reinstated Appellant's appeal rights and gave him thirty days from July 18, 2017, to file an appeal. Order, 8/10/17, at 1. Appellant's notice of appeal was filed August 9, 2017. Thus, we recognize that Appellant filed his notice of appeal

Juvenile Court Opinion, 10/5/17, at unnumbered 1-2.

Appellant presents the following issue for our review:

Whether the [juvenile court] erred in finding that the Commonwealth had met its burden of proof to establish that [Appellant] was in need of treatment, supervision, or rehabilitation; and subsequently erred in adjudicating [Appellant] delinquent?

Appellant's Brief at 4.

Before we begin our analysis of Appellant's issue, we must consider whether it is moot. The Commonwealth asserts that because Appellant has completed all terms of the adjudication and imposed disposition, Appellant's appeal should be dismissed as moot. Commonwealth's Brief at 7. The Commonwealth maintains that the "Termination of Court Supervision Order" dated December 8, 2017, released Appellant from supervision and marked the case closed. *Id.* at 8-9. Thus, the Commonwealth contends, Appellant's argument on appeal that he is not in need of treatment, rehabilitation, or supervision has become moot. *Id.* at 9.

_____

prematurely. However, in similar cases we still have addressed a premature appeal when "the subsequent actions [of the] court fully ripened it." *Commonwealth v. Cooper*, 27 A.3d 994, 1004 (Pa. 2011). *See also Commonwealth v. Little*, 879 A.2d 293, 296 n.6 (Pa. Super. 2005) (permitting premature appeal of petition for reconsideration when order denying petition was entered between filing of notice of appeal and consideration by appellate court); *Commonwealth v. Hamaker*, 541 A.2d 1141, 1142 n.4 (Pa. Super. 1988) (permitting a premature appeal of post-trial motions and citing Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")).

We first note that despite the Commonwealth's characterization, Appellant is not challenging the disposition of treatment, rehabilitation, or supervision. Instead, he is challenging the adjudication of delinquency, which requires a determination that the juvenile is in need of treatment, rehabilitation, or supervision.[3] *See Commonwealth v. M.W.*, 39 A.3d 958, 964 (Pa. 2012) (before entering an adjudication of delinquency, "the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act **and** that the child is in need of treatment, supervision, or rehabilitation, before the court may enter an adjudication of delinquency.") (emphasis added).

We consider the following in determining whether a case is moot:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. . . . An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In Interest of N.C.*, 171 A.3d 275, 279-280 (Pa. Super. 2017).

If it is determined that the court erred in adjudicating Appellant delinquent, the appropriate remedy would be to reverse the adjudication order. In that case, the court would enter an order reversing the adjudication.

---

[3] Appellant asserts that because the Commonwealth did not prove beyond a reasonable doubt that Appellant was in need of treatment, supervision or rehabilitation, Appellant's adjudication of delinquency must be overturned. Appellant's Brief at 4, 15, 22.

- 4 -

Thus, the juvenile court can enter an order that has legal force and effect. Because the court can issue an order having legal effect if it is determined that Appellant was improperly adjudicated, we cannot agree that Appellant's issue is moot. *Interest of N.C.*, 171 A.3d at 280; *see also In Interest of Kilianek*, 378 A.2d 995, 995, fn (Pa. Super. 1977) (holding that juvenile's challenge to her adjudication, which claimed that juvenile court improperly adjudicated her delinquent despite not meeting the legal standard for delinquency, was not rendered moot upon her release from out-of-home placement); *Cf. Interest of DelSignore*, 375 A.2d 803, 807 (Pa. Super. 1977) (deciding juvenile's challenge regarding sufficiency of evidence to support adjudication, but holding objection to placement was rendered moot upon her release from the placement); *R.D.*, 44 A.3d at 679–680 (deciding issues relating to adjudication, but holding that juvenile's challenge to his disposition was rendered moot upon his release from the delinquency placement). Accordingly, we address the merits of Appellant's claim.

Our standard of review of dispositional orders in juvenile proceedings is well settled:

> The Juvenile Act grants broad discretion to the court when determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion. Moreover, a petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court.

*Commonwealth v. B.D.G.*, 959 A.2d 362, 366–367 (Pa. Super. 2008) (internal citations and quotation marks omitted).

Appellant asserts that because the Commonwealth did not establish that Appellant was in need of treatment, supervision, or rehabilitation beyond a reasonable doubt, the Juvenile Court erred in adjudicating him delinquent. Appellant's Brief at 4, 15. Specifically, Appellant maintains that the juvenile court improperly utilized the "preponderance of evidence" standard of proof, when it was required to use the "beyond a reasonable doubt" standard. *Id.* at 15. Appellant contends that the juvenile court's use of the incorrect standard resulted in an improper adjudication of delinquency, which must be overturned. *Id.* at 21-22.

Before entering an adjudication of delinquency, "the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act **and** that the child is in need of treatment, supervision, or rehabilitation." *M.W.*, 39 A.3d at 964 (emphasis added). "A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency." *Id.* at 966.

In *In Interest of N.C.*, this Court addressed the standard of proof necessary for establishing that a juvenile is in need of treatment, supervision, or rehabilitation for purposes of an adjudication of delinquency. *Id.* at 281. In addressing this issue for the first time, the Court observed that the Juvenile Act "is silent as to the standard of proof required for establishing that the juvenile is in need of treatment, supervision, or rehabilitation." *Id.* at 281. This Court also noted the absence of direction on the appropriate standard to

be used in the Pennsylvania Supreme Court's decision in **M.W.** **Id.** at 281-282. After considering the purpose of the Juvenile Act and interpreting provisions of the statute, the Court stated: "we hold that in addition to proving beyond a reasonable doubt that a juvenile engaged in a delinquent act, the Commonwealth also must prove beyond a reasonable doubt that the juvenile is in need of treatment, supervision, or rehabilitation." **Id.** at 281-283.

**Interest of N.C.** was filed on September 18, 2017, subsequent to the Juvenile Court's adjudication of delinquency in this case and prior to its drafting of its Pa.R.A.P. 1925(a) opinion. Indeed, the Juvenile Court stated:

> Admittedly, neither counsel nor the [c]ourt could definitely state the law regarding the Commonwealth's burden of proof when demonstrating that a juvenile is in need of treatment, supervision, or rehabilitation. The Superior Court decided In Interest of N.C. September 18, 2017[,] and only then was there clear authority and holdings regarding the weight of the burden the Commonwealth carries in a juvenile adjudicatory/dispositional proceeding.

Juvenile Court Opinion, 10/5/17, at unnumbered 4.

Thus, the Juvenile Court at the time of its adjudication did not have the benefit of the holding in **Interest of N.C.** The Juvenile Court provided the following explanation of its holding, admittedly made under the improper standard of proof:

> This [c]ourt at the time of its decision, mistakenly, believed the weight of the Commonwealth's burden to establish that a juvenile was in need of treatment, supervision, or rehabilitation to be one of preponderance of the evidence. The Commonwealth also presented very little evidence of [Appellant's] need for treatment, supervision, and rehabilitation to the [c]ourt at the time of [Appellant's] adjudicatory/dispositional hearing.

At the adjudicatory/dispositional hearing, the Commonwealth did not provide an overwhelming case to determine [Appellant] was in need of treatment, rehabilitation, or supervision. In fact, the Commonwealth only presented one (1) witness - the Juvenile Probation Office assigned to [Appellant's] case. Counsel for the Commonwealth rested greatly on the fact [Appellant] was found to have committed the acts and that in and of itself would be a sufficient reason for treatment, supervision, or rehabilitation. The [c]ourt has not and does not subscribe to such a view, more so after reviewing the In Interest of N.C. decision. However, the [c]ourt relied upon the following factors:

1.) [Appellant] committed the underlying offense.

2.) [Appellant] committed the underlying offense while under supervision.

3.) [Appellant's] Youth Level of Service (YLS) score was 12 at the time of the adjudication.

4.) [Appellant's] YLS score had been 11 before this offense, but had increased while under supervision.

5.) The YLS score of 12 indicated that there was a moderate risk of reoffending.

6.) [Appellant], while compliant with the conditions of Juvenile Probation, still had educational issues and was at risk of not graduating on time. This factor was particularly troubling to the [c]ourt as education is the foundation for success in life and reduces the potential for at-risk behavior.

7.) [Appellant] did not take responsibility for what he had done and contested the facts. Again, the [c]ourt would emphasize that [Appellant] did not appeal the finding that he had assaulted a person.

8.) Based on the [c]ourt's familiarity with the subject [Appellant] and his record, the [c]ourt believed that treatment, rehabilitation, or supervision would serve [Appellant's] interest as well as the interests of the restorative justice principles of the Juvenile Justice System.

- 8 -

> Again, the [c]ourt did not consider these facts under the standard of reasonable doubt, but by a preponderance of the evidence, but it did make the conclusion it felt was best at the time. It is difficult to look back and retroactively impose an increased standard on the [c]ourt's decision. Perhaps a different decision may have been reached had the [c]ourt had clear authority on what the Commonwealth's burden was to prove that [Appellant] was in need of treatment, supervision, or rehabilitation. Notwithstanding, the [c]ourt believes it weighed several factors and that the record supported a finding that [Appellant] was in need of treatment, supervision, or rehabilitation.

Juvenile Court Opinion, 10/5/17, at unnumbered 4-6.

As the Juvenile Court acknowledges, pursuant to *Interest of N.C.*, the court was required to consider whether Appellant was in need of treatment, supervision, or rehabilitation, utilizing the "beyond a reasonable doubt" standard of proof. *Interest of N.C.*, 171 A.3d at 283. Because the juvenile court admittedly used the improper standard of proof, we are constrained to remand this matter to the juvenile court for consideration of whether Appellant is in need of treatment, supervision, or rehabilitation, utilizing the proper standard of proof.

Dispositional order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

- 9 -