J-S67034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: T.C. | : | No. 1404 EDA 2018 |

Appeal from the Dispositional Order April 10, 2018
in the Court of Common Pleas of Delaware County
Juvenile Division at No(s): CP-23-JV-0000792-2017

BEFORE:    OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 26, 2019**

T.C. (Appellant) appeals from the dispositional order entered on April 10, 2018, following his adjudication of delinquency for burglary and related offenses.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  On January 17, 2019, we remanded the case for counsel to comply with the requirements of ***Anders***.  Counsel has filed an amended petition to withdraw and ensured the inclusion of necessary materials in the certified record.  The case is now ready for disposition.  Upon review, we affirm the dispositional order and grant counsel's petition to withdraw.

We provide the following background.  On June 24, 2017, Officer Brady McHale responded to a call for a reported theft at a concession stand, known as the Snack Shack, located inside the facilities at a local ballpark in Radnor Township.  N.T., 4/10/2018, at 9.  Officer McHale investigated the

---

*Retired Senior Judge assigned to the Superior Court.

bathroom adjacent to the Snack Shack and observed damage to a handrail and ceiling tile in the handicapped stall, as well as debris on the ground, indicating that someone had climbed through the ceiling in the bathroom to enter the Snack Shack. *Id.* at 9-11. A surveillance camera located inside the Snack Shack recorded the theft. *Id.* at 11. Upon watching the footage, Officer McHale immediately recognized 15-year-old Appellant. *Id.* at 14-15. Specifically, he testified to his observations of the video recording as follows.

> [Appellant] enters from the ceiling area, opens up his backpack, [opens a refrigerator], and takes some sodas, then proceed[s] over to [] boxes, which are a variety of candy and chips and typical concession-stand-type food, places them into the backpack, returns the backpack to an unknown person and/or persons [in the ceiling] … and then returns back up with the assistance of a hand.

*Id.* at 13-14. As part of his investigation, Officer McHale executed a search warrant at Appellant's home, recovering a pellet gun. *Id.* at 16.

Based upon the foregoing, the Commonwealth filed a juvenile petition averring that Appellant engaged in the delinquent acts of burglary, receiving stolen property, theft by unlawful taking, criminal mischief, and unlawful possession of a pellet gun. At the adjudicatory hearing on April 10, 2018, the juvenile court heard testimony from Officer McHale, Appellant, and an alibi witness; watched the Snack Shack surveillance video recording, which clearly depicted the perpetrator; and viewed photographs of the damage to the bathroom. At the conclusion of the hearing, the court found the testimony of Officer McHale credible, Appellant's alibi defense incredible, and

determined that Appellant had committed the aforementioned delinquent acts. *Id.* at 33. Additionally, at the recommendation of Juvenile Probation and without objection from Appellant, the court found Appellant in need of treatment, supervision, and rehabilitation. *See* N.T., 4/10/2018, at 34-36. Therefore, the court issued a dispositional order that same day, placing Appellant on probation and scheduling a dispositional review hearing for October 3, 2018. Adjudicatory/Dispositional Review Order – Amended, 4/10/2018.

This timely-filed appeal followed.[1] In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel.

---

[1] The Commonwealth argues that this order was not a final, appealable order, and therefore this appeal is premature. Commonwealth's Brief at 1, 6. "In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent." ***Commonwealth v. S.F.***, 912 A.2d 887, 889 (Pa. Super. 2006) (unnecessary capitalization omitted). Before entering an adjudication of delinquency, "the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act **and** that the child is in need of treatment, supervision, or rehabilitation." ***Commonwealth v. M.W.***, 39 A.3d 958, 964 (Pa. 2012) (emphasis in original). "If the court determines the juvenile is in need of treatment, supervision, or rehabilitation, the court shall enter an order adjudicating the juvenile delinquent and proceed in determining a proper disposition[.]" ***In Interest of N.C.***, 171 A.3d 275, 280–81 (Pa. Super. 2017) (quoting Pa.R.J.C.P. 409(2)(a)). Here, at the April 10, 2018 hearing, the juvenile court found Appellant to have committed delinquent acts **and** determined that Appellant was in need of treatment, supervision, and rehabilitation. It then entered a disposition as discussed *supra*. Thus, the dispositional order was a final, appealable order entered after Appellant was adjudicated delinquent. Accordingly, this appeal is properly before us.

Accordingly, the following principles guide our review of this matter following remand.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm …. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure as follows.

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

- 4 -

law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Additionally, counsel seeking to withdraw from an appeal in a juvenile delinquency proceeding must provide notice of that request to both the juvenile and the juvenile's parents. **See Commonwealth v. Heron**, 674 A.2d 1138, 1140 (Pa. Super. 1996) ("We find the requirement of the Juvenile Act that notice be given to a juvenile and his/her parents applicable to **Anders** cases involving juveniles.").

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has complied substantially with the technical requirements set forth above.[2] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

The sole issue arguably supporting an appeal cited by Appellant's counsel is whether the evidence was sufficient to establish Appellant's identity as the culprit in the above-mentioned theft. **Anders** Brief at 3. The same standard of review applies when reviewing a challenge to a juvenile adjudication as in a challenge in an adult criminal case. **In Interest of J.B.**, 189 A.3d 390, 414 (Pa. 2018). "Because evidentiary sufficiency is a

---

[2] Appellant has not filed a response to counsel's motion.

pure question of law, our standard of review is *de novo* and our scope of review is plenary." *Id.* at 414 n.24 (citation omitted).

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.,* 66 A.3d 341, 348–49 (Pa. Super. 2013) (citation and quotation marks omitted). The finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Gainer*, 7 A.3d 291, 292 (Pa. Super. 2010).

Appellant's counsel does not present a claim that the evidence was insufficient to prove any of the elements of the charged offenses, but rather that the evidence was insufficient to prove that Appellant was the culprit. *Anders* Brief at 6-7. In order for the juvenile court to adjudicate Appellant

- 6 -

delinquent of the theft-related crimes, the Commonwealth was required to prove beyond a reasonable doubt that Appellant was the individual who broke into the Snack Shack and stole the concession items.

At the April 10, 2018 hearing, the juvenile court heard the testimony of Officer McHale, as outlined *supra*, and viewed the surveillance video. Additionally, the Commonwealth admitted into evidence photographs of the damage to the bathroom railing and ceiling tile. N.T., 4/10/2018, at 10-11, Exhibits C1, C2. Appellant testified on his own behalf and presented an alibi witness. The juvenile court ultimately found that based on "the arresting officer's testimony, the photographs indicating damage done to the premises, and the video surveillance[,]" the Commonwealth met its burden to prove beyond a reasonable doubt that Appellant was the individual who committed the delinquent acts. Juvenile Court Opinion, 6/26/2018, at 7.

The juvenile court was free to reach its own conclusions, particularly after viewing the surveillance video depicting the perpetrator, which included a clear shot of the perpetrator's face, and observing Appellant in court, to credit the officer's testimony and identification, and to disbelieve Appellant's alibi defense. Accordingly, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the juvenile court to find Appellant had committed the delinquent acts.

Based upon the foregoing, we agree with counsel that a challenge to the sufficiency of the evidence is frivolous. Moreover, after "a full

examination of the proceedings" we conclude "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248.  Accordingly, we affirm the dispositional order and grant counsel's petition to withdraw.

Dispositional order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/26/19