J-S41021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 414 MDA 2019 |

Appeal from the Dispositional Order Entered January 23, 2019
In the Court of Common Pleas of Berks County Juvenile Division at
No(s): CP-06-JV-0000473-2018

BEFORE: LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 05, 2019**

G.G. (Appellant) appeals from the dispositional order[1] entered after the juvenile court adjudicated Appellant delinquent of six offenses: two counts each of involuntary deviate sexual intercourse with a child and criminal solicitation to commit involuntary deviate sexual intercourse; and one count each of rape of a child and indecent assault. Upon review, we affirm.

The juvenile court related the factual and procedural background as follows:

> This case concerns [Appellant's] perpetration of certain sex crimes against [the victim]. We note at the outset that none of the witnesses testified as to the exact dates these crimes occurred, but the parties stipulated that they took place between November 1, 2017, and the middle of January 2018. (N.T.p.107). [The

---

[1] In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent. **See Commonwealth v. S.F.**, 912 A.2d 887, 888-89 (Pa. Super. 2006).

---

* Retired Senior Judge assigned to the Superior Court.

victim] was . . . either five (5) or six (6) years old, depending on when the offenses occurred. [Appellant] was fifteen (15) years old during this time period.

[The victim] lived . . . with her Mother [and] her Mother's boyfriend . . . On weekends [the victim] would stay at her Father's house . . . where he lived with his wife and her son, [Appellant].

[The victim] and [Appellant] would play together in [Appellant]'s . . . bedroom. At one point, [the victim] and [Appellant] engaged in what [the victim] called "sexing." They both removed their pants and [Appellant] coerced [the victim] into performing oral sex on him by threatening to tell her parents that she was bad. [The victim] engaged in oral sex with [Appellant] at least three different times, usually when [Appellant] babysat [the victim] and there were no adults in the house. On one occasion, at [Appellant]'s insistence, [the victim] and [Appellant] removed all of their clothing and [Appellant] had vaginal and anal intercourse with [the victim].

[Appellant] was friends with three (3) brothers, A.O., J.V., and E.V. ages 12, 11 and 6 respectively when the following events occurred. On weekends the boys would visit [Appellant] at his home. During one of these visits [Appellant] and the brothers were in [Appellant]'s bedroom playing a game. [The victim] entered and [Appellant] pulled down her pants and she performed oral sex on him. [Appellant] then told her to perform oral sex on A.O. and J.V. which she did. A.O. said that [Appellant] made him engage in oral sex with [the victim]. J.V. said that [Appellant] told him if he told anyone what had happened he would "get" him.

After the above incidents took place, [the victim] told her Mother what had happened. [The victim] later met with a representative of the Children's Alliance center where her testimony about these matters was recorded on a digital video disc which was later viewed at the adjudication hearing.

On October 2, 2018, the Commonwealth filed a petition alleging delinquency, charging [Appellant] with two (2) counts of Involuntary Deviate Sexual Intercourse 18 Pa.C.S.A. §3123(b), one (1) count each of Rape of a Child 18 Pa.C.S.A. §3121(c) and Indecent Assault 18 Pa.C.S.A. §3126(a)(7), and six (6) counts of Criminal Solicitation to Commit Involuntary Deviate Sexual Intercourse 18 Pa.C.S.A. §902(a). The hearing on these charges

was held on December 6, 2018. At the conclusion of the hearing we found [Appellant] involved in two (2) counts of Involuntary Deviate Sexual Intercourse, Rape of a Child, Indecent Assault, and two (2) counts of Criminal Solicitation to Commit Involuntary Deviate Sexual Intercourse and adjudicated him delinquent. The Court held a dispositional hearing on January 17, 2019, and ordered [Appellant] to be placed in a residential facility. [Appellant] filed a timely Post Dispositional Motion [challenging the weight of the evidence], which we denied. This appeal followed.

Juvenile Court Opinion, 4/5/19, at 1-3.

Both the juvenile court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Appellant presents a single issue:

1. Whether the lower court abused its discretion in denying Appellant's post-dispositional motion for a new trial where the inconsistencies presented at trial were so extensive and irreconcilable as to render the finding of involvement contrary to the weight of the evidence.

Appellant's Brief at 8.

We review Appellant's weight of the evidence claim mindful of the following:

A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. Thus, we may reverse the juvenile court's adjudication of delinquency only if it is so contrary to the evidence as to shock one's sense of justice.

*In re A.G.C.*, 142 A.3d 102, 109 (Pa. Super. 2016) (citations omitted).

It is well-settled that the hearing judge sits as the finder of fact, and the weight to be assigned the testimony of the witnesses is within the exclusive

province of the fact finder. *In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012) (citations omitted). "This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults." *In re J.G.,* 145 A.3d 1179, 1187 (Pa. Super. 2016) (citation omitted). "An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court[.]" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court; an appellate court reviews the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. *In re J.G.,* 145 A.3d at 1187 (citations omitted).

Appellant does not individually challenge the weight of the evidence as to his adjudication of six separate offenses. Rather, he holistically claims that the juvenile court's finding that he "was involved was so contrary to the weight of the evidence presented as to shock one's sense of justice." Appellant's Brief at 14. Appellant argues "no testimony was credible, as each story presented to [the juvenile court] in the Commonwealth's case in chief presented irreconcilable differences. Each incident testified to by [the victim] was contradicted, whether by herself or the other so-called witnesses." *Id.* at 13. Appellant further states that "the case is rife with inconsistencies," where "not one person testified consistently on the incident . . ." *Id.* at 15-16. Appellant's argument is meritless.

The juvenile court recognized the contradictions in some of the testimony. **See generally**, Juvenile Court Opinion, 4/5/19, at 5-7. However, the court also referenced the sometimes "faulty memory of [the] 6 year old [victim]" and the use of anatomical drawings at the hearing in opining that "contradiction in her testimony . . . did not compromise [the victim's] credibility[.]" **Id.** at 6. The court explained:

> We heard and observed all the witnesses. Although only six years old, and understandably engaging in childish behavior at times, [the victim] testified about the essential facts in this case forthrightly, at times graphically, and always credibly. This Court has no doubt that what she described actually happened. Likewise, the testimony of A.O. and J.V., also juveniles, was straightforward and unshaken on cross-examination. Finally, the Children's Alliance's DVD of [the victim's] explanation of what transpired between herself and [Appellant] was compelling, heartbreaking, and credible. Therefore, the finding of [Appellant's] involvement with the above crimes was not against the weight of the evidence but fully supported by the record.

Juvenile Court Opinion, 4/5/19, at 7.

It is well settled that any conflicts or contradictions in testimony are for the juvenile court to resolve. **See, e.g., In re J.M.**, 89 A.3d 688, 692 (Pa. Super. 2014). Accordingly, the juvenile court did not err in rejecting Appellant's weight claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2019